Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO and MICHAEL GRECCO PRODUCTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> HEARST COMMUNICATIONS, INC.; HEARST NEWSPAPERS, LLC; HEARST MEDIA SERVICES CONNECTICUT, LLC; HEARST SEATTLE MEDIA, LLC; HURON PUBLISHING COMPANY, LLC; MIDLAND PUBLISHING COMPANY, LLC <br><br> *Defendants*. | Civil Case No. <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs Michael Grecco ("Grecco") and Michael Grecco Productions, Inc. ("MGP") (together as "Plaintiffs"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and for his Complaint against Defendants Hearst Communications, Inc.; Hearst Newspapers, LLC; Hearst Media Services Connecticut, LLC; Hearst Seattle Media, LLC; Huron Publishing Company, LLC, and Midland Publishing Company, LLC (collectively the "Hearst Defendants"), hereby asserts and alleges as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action for copyright infringement and related claims brought against the Hearst Defendants for unauthorized and infringing uses of Plaintiffs' copyrighted photographs as alleged herein.

2. Plaintiffs seek damages and other relief related to the Hearst Defendants' infringements of Plaintiffs' copyrights in the original works identified herein.

## THE PARTIES

3. Plaintiff Grecco is a resident of the State of California.

4. Plaintiff Grecco is a professional photographer who makes his living by creating and licensing photographs..

5. Plaintiff MGP is registered to do business in California.

6. Plaintiff Grecco does business through MGP.

7. Upon information and belief, Defendant Hearst Communications, Inc. ("Hearst") is a diversified media, information and services corporation with more than 360 businesses, which is registered and headquartered in the state of New York.

8. Upon information and belief, Hearst, doing business under various trade names, including but not limited to Popular Mechanics, SFGate, and Times Union, publishes and distributes digital and/or print media newspapers, magazines, and/or periodicals under the same.

9. Upon information and belief, Hearst owns and/or operates the subsidiary Hearst Newspapers, LLC, which is the operating group responsible for Hearst's newspapers, local digital marketing services businesses and directories and conducts business throughout the country, including in the state of New York.

10. Upon information and belief, Defendant Hearst Newspapers, LLC, doing business under various trade names, including but not limited to the Houston Chronicle, Midland Reporter-Telegram, Plainview Daily Herald, San Antonio Express-News, and the Beaumont Enterprise, publishes and distributes digital and/or print media newspapers, magazines, and/or periodicals under the same name.

11. Upon information and belief, Hearst owns and/or operates the subsidiary Hearst Media Services Connecticut, LLC which is a digital media marketing company registered in the state of Delaware and conducts business throughout the country, including in the state of New York.

12. Upon information and belief, Defendant Hearst Media Services Connecticut, LLC, doing business under various trade names, including but not limited to the Connecticut Post, Greenwichtime, Newstimes, and the Stamford Advocate, publishes and distributes digital and/or print media newspapers, magazines, and/or periodicals under the same name.

13. Upon information and belief, Hearst owns and/or operates the subsidiary Hearst Seattle Media, which is a limited liability digital and/or print media company located in Seattle, Washington.

14. Upon information and belief, Defendant Hearst Seattle Media, LLC doing business under the tradename Seattlepi owns and/or operates an online only newspaper of the same name.

15. Upon information and belief, Hearst owns and/or operates Huron Publishing Company, LLC, which is a limited liability digital and/or print media company that is registered in the state of Michigan.

16. Upon information and belief, Defendant Huron Publishing, LLC, doing business as Huron Daily Tribune owns and/or operates an online and/or print newspaper of the same name.

17. Upon information and belief, Hearst owns and/or operates Midland Publishing Company, LLC, which is a limited liability digital and/or print media company that is registered in the state of Michigan.

18. Upon information and belief, Defendant Midland Publishing, LLC, doing business as Midland Daily News owns and/or operates an online and/or print newspaper of the same name.

## JURISDICTION AND VENUE

19. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

20. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because the Hearst Defendants conduct substantial business within the State of New York, infringed Plaintiffs' copyrights within the State of New York, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of New York; and under 28 U.S.C. § 1400(a) because the alleged misconduct by the Hearst Defendants occurred in this District and/or because the Hearst Defendants may be found in this District.

21. This Court has personal jurisdiction over the Hearst Defendants because Hearst's headquarters are located in this district; the Hearst Defendants conduct substantial business in the State of New York; infringed Plaintiffs' copyrights in the State of New York as described herein; and purposefully targeted activities to and systematically transacted, conducted, and solicited business in this District.

## FACTUAL ALLEGATIONS

22.  Plaintiffs' claims relate to the following "Subject Photographs":


X-Files Photograph


Xena Photograph


B52s Photograph


Janet Jackson Photograph

5

23. Plaintiffs own all copyrights in and to the Subject Photographs and have registered their claim for copyright therein with the U.S. Copyright Office.

24. The Hearst Defendants displayed and/or published the Subject Photographs without a license, including but not limited to on their websites and other online/digital publications.

25. Attached hereto as Exhibits 1-37 are true and correct copies of screen captures of the Hearst Defendants' websites demonstrating that they published and/or displayed the Subject Photographs.

26. Plaintiff Grecco was not properly accredited as the author of or owning the copyrights to the Subject Photographs published on the Hearst Defendants' websites.

27. Plaintiffs presently lack information necessary to determine the full and complete scope of the infringing uses of his photographs by Defendants. Upon information and belief, a reasonable opportunity for discovery will yield evidence that the infringing uses identified in Exhibit 1-37 are not the complete scope of the Hearst Defendants' uses of the Subject Photographs.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

28. Plaintiffs repeat and re-allege each allegation set forth in all paragraphs above as if set forth fully herein.

29. The Hearst Defendants displayed, published, distributed, and/or otherwise used and exploited the Subject Photographs as alleged herein without valid authorization or license.

30. The Hearst Defendants' unauthorized use of the Subject Photographs was willful.

31. Plaintiffs seek all damages recoverable under the Copyright Act related to the Hearst Defendants' infringements alleged herein, including statutory or actual damages, including

the Hearst Defendants' profits attributable to the infringing use of Plaintiffs' creative work, and the damages suffered as a result of the lack of compensation, credit, and attribution.

32. Plaintiffs also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT II
### UNAUTHORIZED REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ALL DEFENDANTS

33. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

34. The Hearst Defendants, without permission, intentionally removed the accreditation identifying Plaintiff Grecco as the author copyright owner of the X-Files, Xena, and Janet Jackson photographs, thereby removing the copyright management information before displaying and/or publishing the at-issue photos.

35. The conduct of the Hearst Defendants alleged herein constitutes a violation of Plaintiffs' rights to the integrity of such copyright management information in violation of the U.S. Copyright Act, 17 U.S.C. § 1202(b).

36. Plaintiffs seek all damages recoverable under the Copyright Act for this intentional removal of the relevant copyright management information in the Subject Photographs, including statutory or actual damages.

37. Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiffs respectfully prays for judgment on their behalf and for the following relief:

1. A preliminary and permanent injunction against the Hearst Defendants precluding them from displaying, advertising, promoting, and/or selling the infringing publications identified herein, and requiring the Hearst Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint, that are in the control or possession or custody of the Hearst Defendants;

2. All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue, the lack of attribution, and the Hearst Defendants' profits attributable to infringements;

3. Plaintiffs' full costs, including litigation expenses, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4. Any other relief authorized by law, including punitive and/or exemplary damages; and

5. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated: February 7, 2017
New York, New York

Respectfully submitted,

*Kevin McCulloch*

Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
*Attorneys for Plaintiffs*